IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY A. MASSEY,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 17-292 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL HOLMAN, et al.,** | ) | **District Judge Susan Paradise Baxter** |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Presently pending before the Court is Plaintiff's Motion for Relief from an Order Pursuant to Rule 60(b) [ECF No. 55], by which Plaintiff seeks reconsideration of this Court's Order of August 23, 2019 [ECF No. 46] to the extent Defendants Michael Holman and Jason Stevens were dismissed from this case.

By way of background, Plaintiff initiated the instant action on October 30, 2017. On September 18, 2018, this action was reassigned to the undersigned, as presiding judge [ECF No. 26], and was subsequently referred to United States Magistrate Judge Richard A. Lanzillo for all pretrial proceedings. Defendants thereafter filed a motion to dismiss Plaintiff's complaint for failure to state a claim [ECF No. 31].

On July 23, 2019, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") granting in part and denying in part Defendants' motion to dismiss [ECF No. 43]. The R&R was adopted by this Court by Order dated August 23, 2019 [ECF No. 46]. Specifically, in accordance with Judge Lanzillo's recommendation, Defendants' motion to dismiss was granted as to Plaintiff's retaliation claim based on his legal assistance to other inmates and his claims based on denial of access to the courts and deliberate indifference to a serious medical need. Each of these claims were dismissed, with prejudice. Defendants' motion was denied as to

1

Plaintiff's retaliation claim based on protected activities undertaken on his own behalf and his Fourteenth Amendment due process claim based on the conditions of his confinement; however, Defendants Michael Holman, D.W. Bryant, and Jason Stevens were each dismissed from this action, with prejudice, for lack of personal involvement.

On March 4, 2020, Plaintiff filed the instant motion for relief [ECF No. 55] seeking reconsideration of this Court's dismissal of Defendants Michael Holman and Jason Stevens pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendants have since filed a response in opposition to Plaintiff's motion [ECF No. 62]. This matter is now ripe for consideration.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances …." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015), quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Those circumstances are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no long equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b); Zahl v. Harper, 403 F. App'x 729, 734 (3d Cir. 2010). "The movant under Rule 60(b) 'bears a heavy burden.'" Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991), quoting Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967).

Here, Plaintiff argues that he is entitled to relief under Rule 60(b)(2) based on "newly discovered" video evidence produced by Defendants during discovery in this case that allegedly indicates that Defendants Holman and Stevens "engaged in witness intimidation, on 11-17-2017,

2

one month after the plaintiff filed suit against the defendants." (ECF No. 55, at ¶ 3).[1] In their response, Defendants correctly argue, *inter alia*, that "Plaintiff seeks to assert an entirely new cause of action which is substantially unrelated to the underlying facts supporting the claims pending in this litigation…." Indeed, Plaintiff acknowledges that the alleged conduct of Defendants Holman and Stevens occurred one month after this case was filed. Thus, Plaintiff is essentially asking the Court to reconsider its decision to dismiss Defendants Holman and Stevens from this case so that he could allege new claims against them based on conduct that allegedly occurred after the original complaint was filed. This he cannot do. If Plaintiff wishes to pursue claims against Defendants Holman and Stevens based on their conduct allegedly disclosed in the video evidence at issue, he must do so in a separate action.

AND NOW, this 26th day of May, 2020,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from an Order Pursuant to Rule 60(b) [ECF No. 55] is DENIED.

SUSAN PARADISE BAXTER
United States District Judge

---

[1] Plaintiff also cites "fraud, misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3) as additional grounds for relief; however, it is apparent that such alleged misconduct refers to the actions of Defendants Holman and Stevens allegedly disclosed on the "newly discovered" video evidence," and, thus does not pertain to any conduct that would provide grounds for reconsideration of the Court's order of dismissal.