IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY A. MASSEY,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL HOLMAN, et al.,<br>　　　　Defendants. | )<br>)<br>)　C.A. No. 17-292 Erie<br>)<br>)<br>)<br>)　District Judge Susan Paradise Baxter<br>)　Magistrate Judge Richard A. Lanzillo<br>) |

## MEMORANDUM ORDER

Plaintiff Wesley Massey, an adult individual formerly in the custody of the Pennsylvania Department of Corrections, initiated this civil rights action on October 30, 2017, by filing a *pro se* complaint against five staff members at Erie County Prison in Erie, Pennsylvania, where Plaintiff was imprisoned at the time: Deputy Wardens Michael Holman ("Holman") and D.W. Bryant ("Bryant"), and corrections officers Jason Stevens ("Stevens"), B. DeFranco ("DeFranco"), and Lt. Lindsey ("Lindsey"). The action was ultimately referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On July 23, 2019, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation, recommending that Defendants' motion to dismiss [ECF No. 31] be granted in part and denied in part, that Defendants Holman, Bryant, and Stevens be dismissed from this action with prejudice, and that Plaintiff's demand for specific liquidated damages be stricken. [ECF No. 43]. By Memorandum Order dated August 23, 2019, this Court adopted Judge

Lanzillo's Report and Recommendation and, *inter alia*, dismissed Plaintiffs claims against Defendants Holman, Bryant, and Stevens, with prejudice. [ECF No. 44]. As a result, said Defendants were terminated from this case, leaving only Defendants DeFranco and Lindsey, against whom there remain a claim of retaliation and a Fourteenth Amendment due process claim based on conditions of confinement stemming from the alleged retaliation.

On May 19, 2023, Defendants DeFranco and Lindsey filed a motion for summary judgment [ECF No. 103], together with a concise statement of material facts [ECF No. 102] and a supporting brief [ECF No. 104]. The motion and supporting documents were mailed to Plaintiff at his last known address indicated on the docket at the time. Subsequently, however, an unrelated text order dated May 8, 2023, which was mailed by the Court to Plaintiff at the same last known address, was returned on May 30, 2023, marked with the notation "attempted – not known," together with a handwritten address of "Renewal #1, 339 Boulevard of the Allies, Pittsburgh, PA 15222" [ECF No. 105].

Despite Plaintiff's failure to file a notice of change of address, the Court, on its own accord, had the Clerk remail Defendants' motion for summary judgment and supporting documents to the handwritten Pittsburgh address indicated for Plaintiff, on October 4, 2023. Subsequently, on October 10, 2023, Plaintiff filed a notice of change of address indicating a new mailing address of 218 Chestnut Street, Apt. 215, Meadville, PA 16335 [ECF No. 107]. Not knowing whether Plaintiff received the remailed documents before he changed his address, the Court, out of an abundance of caution, had the Clerk remail to Plaintiff's new address copies of Defendants' motion for summary judgment and supporting documents, along with a response order extending Plaintiff's time to respond to Defendants' motion to November 20, 2023 [ECF

No. 108].

On November 22, 2023, the envelope containing the remailed documents was once again returned to the Clerk with the notation "Attempted, Not Known, unable to Forward," along with the handwritten note, "NSN – No Such Number." Plaintiff has since failed to notify the Court of a change of address and has failed to file any documents in response to Defendants' pending motion for summary judgment.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court finds that dismissal of this case is appropriate. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has continually failed to provide timely notice to the Court of his change of address; his current whereabouts are unknown, making it impossible to serve him with Court papers; and he has failed to file any kind of response to Defendants' motion for summary judgment, which has been pending since May 19, 2023. Alternative sanctions, such as monetary penalties, are deemed inappropriate.

AND NOW, this 22nd day of January, 2024,

IT IS HEREBY ORDERED that this case is DISMISSED due to Plaintiff's failure to prosecute. The Clerk is directed to mark this case CLOSED.

                                                SUSAN PARADISE BAXTER
                                                United States District Judge